# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| PATRICIAL L. BEDNARCHIK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW SAUL,  )<br>Commissioner of )<br>Social Security, )<br>)<br>Defendant. ) | Case No. 20-cv-3064 |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

The pro se Plaintiff has filed an unsworn document entitled Affidavit [16] (Affidavit).  The Court has reviewed the Affidavit and determined that the Affidavit is the Plaintiff's motion for summary judgment in this case.

In the course of reviewing the Affidavit, the Court has also reviewed the Administrative Law Judge's (ALJ) Decision (Decision).  The ALJ decided the Plaintiff is liable for repayment of an overpayment of benefits in "the amount to be re-calculated by the Filed (sic) Office after taking into account the claimant's subsidized work during the period May 1, 2012 through June 30, 2016 (20 CFR 404.506)." <u>Certified Transcript of Proceedings before the Social Security Administration</u> [11] at 13.  The Defendant's Appeals Council denied Plaintiff's request for review and

informed the pro se Plaintiff that the Decision was the final decision of the Defendant, and the Plaintiff could seek judicial review. Id. at 1-2. The Court questions whether the Decision is a final decision because the amount owed is not finally determined.  This Court only has jurisdiction to review the final decision of the Defendant Commissioner.  42 U.S.C. § 405(g); see Mathews v. Eldridge, 424 U.S. 319, 327-28 (1976).  The Court, therefore, questions whether jurisdiction exists to hear this case.  See Hawxhurst v. Pettibone Corp., 40 F.3d 175, 179 (7th Cir. 1994) (This Court may sua sponte question its jurisdiction to hear a case).

      The Court directs the Defendant to file by 3/11/2021 a memorandum addressing the following issues:  (1) whether the Decision is a final decision that can be subject to review under 42 U.S.C. 405(g); (2) if the Decision is a final decision, the exact amount that the Commissioner has determined is due and owing by the Plaintiff (Repayment Amount), if known; (3) if the Repayment Amount is not known, how the Court can determine whether the Decision is supported by substantial evidence; and (4) if the Repayment Amount is not known and the Court affirms the Decision, can the Plaintiff seek judicial review of the subsequent recalculation of the Repayment Amount called for in the Decision.

Plaintiff may file a response to the Defendant's memorandum by 4/11/2021.

The Defendant is directed to defer filing a cross motion for summary affirmance until after the Court determines whether the Court has jurisdiction.

ENTER:  February 11, 2021

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE